PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* TOMÁS RAMOS, Defendant and Appellant.

No. 2794.   Argued June 22, 1926.—Decided July 15, 1926.

*Felipe Colón* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The sole assignment of error attacks the general finding of the court that the defendant was guilty as charged. The appellant cites a section of an act to show that the search or seizure in this case was illegal. A witness had testified that a policeman had seized a weapon when the defendant was about to throw it away. When a policeman sees or knows that a man is about to throw away a prohibited weapon and seizes it, we can not hold that this constitutes an illegal search or seizure. However, nowhere in the record is there any objection to the mode of supposed seizure and we are unable to grasp the relevancy of this allusion. An illegal seizure would not affect the credibility of a witness or debilitate his testimony.

A policeman testified that another weapon was thrown away by another person, but that he was unable to find it, as it fell or probably fell into a small field of cane. The seizure of the weapon took place on the outskirts of the town of Juana Díaz, on Muñoz Rivera Street. The policeman said that there were no houses there. The only other witness of the government said that there were houses on both sides of the street.

Contradictions of this kind between honest witnesses of a party are so frequent in criminal and accident cases as to be practically the rule. It is exceptional to find the witnesses on one side agreeing as to details. Complete agreement is much more likely where the witnesses are coached. This alleged contradiction was over a matter entirely collateral. The judge, if necessary, could have believed either of the witnesses, could have disbelieved them both as to the collateral matter and still found that either of the witnesses was telling the truth in saying that the defendant was carrying

a prohibited weapon. The appellant says that there were other contradictions between the two witnesses of the government, but he does not point them out to us and we do not find them.

There was a strong conflict in the evidence. The defendant and his witnesses give evidence to show that the weapon seized was picked up from the ground and never was in the possession of the defendant. We find no reason, however, to distinguish this case from the mass of decisions wherein we have held that the weight of the proof was for the trier of cases. If this case had been tried before a jury, no one would normally expect a reversal on the facts. When the case is tried by the court, even less does one expect to find bias, prejudice or an undue weighing of the evidence.

The judgment must be affirmed.